NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASON O., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.O., B.O., J.O., *Appellees*.

No. 1 CA-JV 18-0354
FILED 2-26-2019

Appeal from the Superior Court in Navajo County
No. S0900JD201700012
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

**¶1**         Jason O. ("Father") appeals the juvenile court's order terminating his parental rights to his three children. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Sarah D. are the biological parents of T.O., B.O., and J.O. (the "Children").[1] Father has an admitted history of substance abuse, having used methamphetamine on-and-off since he was 13 years old. Father also has a history of domestic violence incidents and was convicted of aggravated domestic violence in 2014.

**¶3**         In June 2017, Father's older daughter, who is not a subject of this appeal, contacted law enforcement about concerns that Father was on drugs and behaving disorderly. Law enforcement responded and arrested Father. As a result of the June 2017 incident and an incident in March 2017, Father admitted to a probation violation for the 2014 domestic violence offense and pled guilty to use of a dangerous drug (methamphetamine) and two counts of aggravated domestic violence. In November 2017, he was sentenced to concurrent prison terms totaling five years.

**¶4**         The Department of Child Safety ("DCS") took temporary physical custody of the Children in June 2017 and two months later the juvenile court found the Children dependent as to Father. DCS offered Father multiple services, including behavioral health services, urinalysis testing, substance abuse treatment, parent aide services and parenting skills training, and supervised visitation. However, due to his incarceration, the availability of services was limited.

---

[1]     The juvenile court terminated Sarah D.'s parental rights to the Children. She is not a party to this appeal.

¶5          In May 2018, DCS moved to terminate Father's parental rights to the Children based on: (1) neglect; (2) a history of chronic substance abuse; (3) deprivation of civil liberties due to a felony conviction; and (4) out-of-home placement for a cumulative total period of nine months or longer. *See* Ariz. Rev. Stat. ("A.R.S.") sections 8-533(B)(2)–(4), (8)(a). After a termination hearing, the juvenile court terminated Father's parental rights to the Children. The court found DCS proved by clear and convincing evidence the grounds for termination based on neglect, deprivation of civil liberties due to a felony conviction, and out-of-home placement. The court also found DCS proved by a preponderance of the evidence that termination of Father's parental rights was in the Children's best interests. Father timely appealed, and we have jurisdiction pursuant to A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶6          To terminate a parent-child relationship, the court must find at least one statutory ground for termination under A.R.S. § 8-533(B) by clear and convincing evidence. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). The court must also find termination is in the child's best interests by a preponderance of the evidence. *Id.* We review the court's termination decision for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings. *Mary Lou C. v. ADES*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). The juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *ADES v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004).

¶7          On appeal, Father does not challenge the court's finding that DCS proved by clear and convincing evidence grounds for termination. Rather, he argues the juvenile court erred by failing to place the Children with their adult siblings and by denying his motion to consider permanent guardianship with his adult daughter, which he filed the day of the termination hearing. He further argues the court's failure to give "meaningful consideration" to his permanent guardianship motion and request for placement violated his due process rights.

¶8          Father lacks standing to raise these arguments because his rights have been terminated. Permanent guardianship is only appropriate where the "likelihood that the child would be adopted is remote or termination of parental rights would not be in the child's best interests." A.R.S. § 8-871(A)(4). Once a court determines termination is in a child's best interests and the parent's rights are terminated, the parent no longer has standing to challenge placement. *Antonio M. v. ADES*, 222 Ariz. 369, 370–71,

¶ 2 (App. 2009); *Sands v. Sands*, 157 Ariz. 322, 324 (App. 1988) ("[O]nce the order of severance was issued, the father's standing as a parent terminated."); *see also Audra T. v. ADES*, 194 Ariz. 376, 377, ¶ 5 (App. 1998) (juvenile court does not "weigh alternative placement possibilities" in the best-interests analysis). Here, the juvenile court terminated Father's rights after appropriately concluding termination was in the Children's best interests.

**¶9**         At the best-interests stage, we "presume that the interests of the parent and child diverge because the court has already found the existence of one of the statutory grounds for termination by clear and convincing evidence." *Alma S. v. DCS*, 245 Ariz. 146, 150, ¶ 12 (2018) (quoting *Kent K.*, 210 Ariz. at 286, ¶ 35). The court's primary concern during the best-interests inquiry is the stability and security of the child. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 15 (2016). "[T]ermination is in the child's best interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S.*, 245 Ariz. at 150, ¶ 13. "Courts must consider the totality of the circumstances existing at the time of the severance determination." *Id.* at 150–51, ¶ 13. Whether the current placement is meeting the needs of the child is an appropriate consideration. *Demetrius L.*, 239 Ariz. at 4, ¶ 12.

**¶10**         In making its determination, the juvenile court explained the Children "have spent several years of their lives in a home where domestic violence has occurred, where at least one parent has come in and out of their lives and where siblings have been responsible for their care." Thus, they "are in need of stability and security [and] [f]ailure to have that security would be detrimental" to their wellbeing. The court then found: "the current placements are providing the [C]hildren with a loving and nurturing home environment and [they] have been thriving in their care. The current placements are potential adoptive placements, which shall provide the [C]hildren with the added benefit of stability and permanency." The court further found if the current plan for adoption cannot move forward, the Children are adoptable, and that termination would benefit the Children and "achieve the permanency and stability that an adoption would provide." Reasonable evidence supports these findings, and the juvenile court did not err by finding that termination of Father's rights was in the Children's best interests.

**CONCLUSION**

**¶11** For the foregoing reasons, we affirm the juvenile court's termination of Father's parental rights.

