IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALEISE H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.W., J.H., M.H., *Appellees.*

No. 1 CA-JV 18-0223
FILED 11-8-2018

Appeal from the Superior Court in Maricopa County
No. JD31087
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

―――――――――――――――

## OPINION

Chief Judge Samuel A. Thumma delivered the Opinion of the Court, in which Acting Presiding Judge Maria Elena Cruz and Judge Randall M. Howe joined.

―――――――――――――――

**T H U M M A**, Chief Judge:

¶1        Aleise H. (Mother) challenges the superior court's order terminating her parental rights to her biological children A.W., J.H. and M.H. Mother argues the court improperly found termination was in the children's best interests and failed to make adequate findings. Because Mother has shown no reversible error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In August 2015, the Department of Child Safety (DCS) took A.W. (born in 2006), J.H. (born in 2014) and M.H. (born in 2015) into care. At that time, Mother and the children lived with Harry H., the father of J.H. and M.H.;[1] Mother and Harry H. had a history of domestic violence. As to Mother, DCS' dependency petition alleged neglect and that she was unwilling or unable to provide proper and effective parental care and control. The court found the children dependent as to Mother in October 2015 and adopted a case plan of family reunification, with a concurrent case plan of severance and adoption for J.H. and M.H.

¶3        For a time, Mother engaged in services and was described as making progress. As a DCS case manager reported, however, in August 2017 Mother said she was going to Oregon "for a family death, or something like that. And she ended up not coming back." Ultimately, Mother returned to Arizona in December 2017, went back to Oregon after a week or two and then returned to Arizona in early 2018. While in Oregon, Mother had "minimal" contact with DCS and the children. As a result, the court changed the case plan to severance and adoption. DCS' motion sought

―――――――――――――――

[1] Harry H.'s parental rights, as well as those of A.W.'s father, were terminated in 2018, and neither is a party to this appeal.

termination based on abandonment, mental deficiency and 15-months' time-in-care, also alleging that termination was in the best interests of the children. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1), (3), (8)(c) (2018).[2]

¶4        Although Mother appeared at the initial termination hearing, she did not attend trial, which proceeded in her absence. The court heard testimony from a DCS case manager and a DCS case specialist and received exhibits. As relevant here, the case manager testified that termination was in the children's best interests, adding that termination and adoption by the current placement, a maternal aunt, would provide the children permanency and stability. The case specialist testified that the younger children had been with the placement their entire lives, the placement was meeting the children's needs and termination would provide needed stability. This same witness testified the children would suffer if parental rights were not terminated: "[t]hey would continue to be in a place where permanency was still not set for them. . . [T]hey wouldn't know where they're going to be for the rest of their lives." The evidence also showed the children were adoptable even if the current placement was unable to adopt.

¶5        In granting the motion, the court found DCS had shown by clear and convincing evidence the three statutory grounds alleged. The court then found DCS proved by a preponderance of the evidence that termination was in the best interests of the children. The court noted that "all three children are placed together in a prospective adoptive home. This home has demonstrated its willingness and ability to meet all of the needs of the children. Adoption will provide each of these children with the permanence and stability that they otherwise lack." Noting the children had been in care for nearly three years, the court added that "the children will continue languishing in foster care for an indefinite period of time" absent termination. The court also found the children were adoptable.

¶6        In written findings of fact and conclusions of law, the court echoed these findings. As to best interests, the court found termination

> would provide the children with permanency and stability. The children are residing in an adoptive placement which is meeting all of their needs. The children are considered adoptable and another adoptive placement could be located should the current placement be unable

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

> to adopt. Continuation of the parent-child relationship would be a detriment to the children because it would delay permanency, leaving the children to linger in care for an indeterminate period since the children do not have parents who are able to care for them.

This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 103-04.

## DISCUSSION

¶7        As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the children. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009).

¶8        Mother does not challenge the superior court's findings regarding the statutory grounds for termination, which are supported by the trial evidence. Rather, she argues the court erred in determining that termination was in the best interests of the children. Specifically, Mother asserts the court erred in (1) finding DCS proved either a benefit to the children by termination or a detriment if termination was not granted and (2) failing to "set forth case-specific findings of fact to support its best interests determination."

## I.    Mother Has Shown No Error In The Superior Court's Findings That The Children Would Benefit From Termination And Be Harmed If Termination Was Denied.

¶9        When a statutory ground for termination has been proven, "the focus shifts to the interests of the child as distinct from those of the parent," *Kent K.*, 210 Ariz. at 285 ¶ 31, and "[o]f foremost concern . . . is protecting a child's interest in stability and security," *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4 ¶ 15 (2016). "[T]ermination is in the child's best

interests if either: (1) the child will benefit from severance; or (2) the child will be harmed if severance is denied." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018).[3] "It is well established in state-initiated cases that the child's prospective adoption is a benefit that can support a best-interests finding," *Demetrius L.*, 239 Ariz. at 4 ¶ 16, recognizing the court "must consider the totality of the circumstances existing at the time of the severance determination," *Alma S.*, 245 Ariz. at 150-51 ¶ 13. The record is viewed in a light most favorable to upholding the best-interests findings, and findings of fact are to be affirmed "if reasonable evidence and inferences support them." *Id.* at 152 ¶ 21, 151 ¶ 18.

**¶10** The superior court found that the children would benefit by termination because they were placed with a familial, potentially adoptive placement that was meeting their needs and would provide permanence and stability they were lacking. The court also properly found that the children would be harmed if termination was denied, because the children would remain in care for an indefinite period. Each finding would support best interests independently, and both are supported by the trial evidence. Mother has shown no abuse of discretion in the findings that the children would benefit by termination and be harmed if termination was denied. *See, e.g., id.* at 152 ¶ 21; *Demetrius L.*, 239 Ariz. at 6 ¶ 22.

## II.    Mother Has Waived Any Claim That The Superior Court Did Not Make Adequate Best Interests Findings.

**¶11** Mother asserts that the superior court "did not set forth case-specific findings of fact to support its best-interests determination" as required. *See* A.R.S. § 8-538(A); Ariz. R.P. Juv. Ct. 66(F)(2)(a). Citing *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532 (App. 2018), Mother claims this asserted failure means "the severance order is invalid."

**¶12** Mother failed to raise this issue with the superior court, which issued the order she is challenging. As *Logan B.* recognized, "[g]enerally, failure to raise an argument in the [superior] court waives the issue on appeal." 244 Ariz. at 532 ¶11 (citing *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452 ¶ 21 (App. 2007)). Although ultimately "declin[ing] to find waiver," *Logan B.* noted that "[t]he waiver doctrine is not 'an unalterable

---

[3] In challenging the best interests findings, Mother's opening brief on appeal relied on *Alma S. v. Dep't of Child Safety*, 244 Ariz. 152 (App. 2017), which was later vacated by the Arizona Supreme Court. *Alma S.*, 245 Ariz. at 152 ¶ 21. This court allowed supplemental briefing to address the Arizona Supreme Court's opinion in *Alma S.*

rule'" and "the decision to find waiver is discretionary." 244 Ariz. at 532 ¶¶ 11, 9 (quoting and citing cases).

¶13      Because the decision to find waiver is discretionary, in the exercise of that discretion, on the record presented and to prevent avoidable delay, this court concludes that Mother has waived any claim she may have had that the superior court did not make adequate best interests findings. *See, e.g., Cecilia A. v. Ariz. Dep't of Econ. Sec.*, 229 Ariz. 286, 289 ¶ 11 (App. 2012) (applying waiver to due process argument); *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 371 ¶ 6 (App. 2009) (when party fails to object in superior court to "'alleged lack of detail in the [superior] court's findings,' the issue is deemed waived when raised for the first time on appeal") (quoting *Marco C. v. Sean C.*, 218 Ariz. 216, 220 n.2 (App. 2008)); *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44 n.3 (App. 2008) (applying waiver to issues relating to "alleged procedural defects" first raised on appeal); *Christy C.*, 214 Ariz. at 452 ¶¶ 20–21 (applying waiver to issues relating to alleged insufficiency of findings first raised on appeal).

## CONCLUSION

¶14      Because Mother has shown no reversible error, the superior court's order terminating her parental rights to A.W., J.H. and M.H. is affirmed.

