NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

INGRID G., *Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, D.G., D.G., *Appellees.*

No. 1 CA-JV 18-0329
FILED 3-7-2019

Appeal from the Superior Court in Maricopa County
No. JD531436
The Honorable David King Udall, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout, Paula S. Bickett
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James P. Beene joined.

**W E I N Z W E I G**, Judge:

¶1　　　　Ingrid G. ("Mother") appeals the superior court's order affirming its dependency finding as to her two children and denying her motion to reconsider and set aside that finding. She argues the court violated her right to due process by accelerating to a dependency adjudication hearing when she failed to appear at a pretrial conference and abused its discretion in finding no good cause for her failure to appear. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Mother and Conrad G. ("Father") are the natural parents of D.G. and D.G. (the "children"), born in 2007 and 2008.[1] The Department of Child Safety ("DCS") took the children into custody based on allegations of Mother's neglect and filed a dependency petition in January 2018. Mother contested the allegations.

¶3　　　　Mother received and signed the standard Form 1 Notice to Parent in Dependency Action. The Form 1 Notice directed that Mother was "required to attend all [court] hearings" and warned the court might find she "waived [her] legal rights and admitted the allegations in the dependency petition" if she failed to attend later proceedings without good cause. It further warned that legal proceedings could go forward in her absence and the court could find the children dependent based on the record and evidence presented.

¶4　　　　The superior court held a pretrial conference in April 2018. Mother appeared telephonically. The court continued the pretrial conference to July 20, 2018 at 9:30 a.m. The court also set the dependency adjudication hearing for August 23, 2018. The minute entry reflects that Mother received another Form 1 Notice "through her attorney."

---

[1]　　　Father is not party to this appeal.

¶5            Mother failed to appear at the continued pretrial conference on July 20.  DCS moved the superior court to proceed in her absence and immediately hold the dependency hearing.  Mother's attorney objected and asked for the dependency hearing to go forward on August 23 as originally planned.  Mother's attorney could not, however, explain Mother's absence. After hearing from the parties, the court granted the motion to proceed, instructing counsel for DCS to "[g]o ahead."  DCS successfully moved, without objection, to admit a DCS report as evidence and for the court to take judicial notice of the dependency petition.  The court adjudicated the children dependent but entered no findings.

¶6            Two weeks later, Mother moved the superior court to reconsider and set aside its dependency finding.  Mother alleged she was unable to attend the hearing for good cause.  The day of the hearing, Mother went to urgent care after allegedly suffering from heat exhaustion.  She provided documents from the urgent care visit, which indicated that Mother visited the facility at day's end.  She reported vomiting and dizziness, claiming that her condition began in the morning and never improved.  She attributed the illness to her car's broken air conditioner.  Her vitals were taken at 4:52 p.m.  She was then prescribed medication at 5:41 p.m. and discharged at 5:42 p.m.  A physician's assistant wrote that Mother should be excused because of illness.

¶7            DCS and Father objected to Mother's motion.  The superior court denied the motion and affirmed its dependency finding.  Mother timely appealed.

## DISCUSSION

¶8            Mother challenges the superior court's decision to accelerate the continued pretrial conference into a dependency adjudication hearing because it violated her due process rights.  Mother never objected on due process grounds in the superior court, requiring us to review only for fundamental error. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 447, ¶ 37 (2018).  Mother bears the burden to establish the error is both fundamental and caused her prejudice.  *Id.* at 447-48, ¶ 38.  An error is prejudicial when it could have changed the decision of a reasonable fact-finder.  *Id.* at 447-48, ¶ 38. Mother never argues the alleged error was fundamental or prejudicial in her opening brief.  She fails to meet her burden.  *Id.* at 447-48, ¶¶ 38-39; *see also State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 17 (App. 2008)

(argument waived when defendant failed to "argue the alleged error was fundamental").[2]

**¶9**　　　　Mother next argues the superior court erred when it found she failed to demonstrate good cause for her non-appearance at the continued pretrial conference. We review the finding for an abuse of discretion and will reverse only if the court's decision was manifestly unreasonable. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). Mother must show her absence was from "mistake, inadvertence, surprise or excusable neglect." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). "Excusable neglect exists if the neglect or inadvertence is such as might be the act of a reasonably prudent person in the same circumstances." *Id.* (quotation omitted). The juvenile court is in the best position to weigh the evidence and assess the parties' credibility in making discretionary determinations. *Pima Cty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987).

**¶10**　　　　On this record, the superior court acted within its discretion and its decision was not unreasonable. *See Christy A.*, 217 Ariz. at 305, ¶ 19. Mother was informed of the date and time of the pretrial conference, as well as the consequences of failing to appear. *See* Ariz. R.P. Juv. Ct. 54(C)(2) (court may proceed in parent's absence and adjudicate child dependent if, among other things, the parent had notice of the hearing and was warned of the consequences for failing to appear). She did not tell her attorney she was not coming, much less provide a reason for her absence. She never called or otherwise tried to inform the court. Given the consequences, a reasonable parent would have made some minimal effort to inform her counsel or the court. What is more, Mother did not seek or receive treatment for her self-reported symptoms until day's end—several hours after the hearing concluded.

---

[2]　　　We ordered the parties to submit supplemental briefing on whether the superior court complied with Arizona Rule of Procedure for the Juvenile Court 54(C)(2). DCS conceded the court made no written findings but argued that Mother waived the issue by failing to object to the superior court's findings below. We agree. *Cf. Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 573, ¶ 13 (App. 2018) (parent waived the argument that court did not make a best-interests finding). At a minimum, Mother could have raised the issue in a motion for reconsideration, motion for additional findings or motion to amend.

**CONCLUSION**

¶11      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA