NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO N.R.

No. 1 CA-JV 25-0051

FILED 12-05-2025

---

Appeal from the Superior Court in Maricopa County
No. JS22392
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Burguan Law PLLC, Phoenix
By Brian Strickman
*Counsel for Appellee N.R.*

Tomasa R., Phoenix
*Appellee*

<hr>

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

<hr>

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**　　　　Lynda R. ("Mother") appeals the superior court's order terminating her parental rights to her child, N.R. ("Child").  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Mother is the biological parent of Child, born in November 2016.[1]  Mother was convicted in Texas on a drug-related offense and sentenced to prison.  Before leaving to serve her sentence in early 2018, Mother arranged for Child to live with Child's maternal grandmother, Tomasa R. ("Grandmother").  Child was 18 months old.  Mother also appointed Grandmother as Child's legal guardian.

**¶3**　　　　After Mother was released from prison, she moved frequently over the next seven years.  She lived in Mexico, Yuma and Phoenix. Grandmother gave Child a stable home during this period.  Grandmother ensured Child went to school.  Mother rarely visited.  And when she did, she was often intoxicated and had to be removed.  Mother provided no financial support for Child aside from an occasional gift.

**¶4**　　　　Mother's substance abuse continued.  She was accused of fleeing the scene of a car accident while intoxicated in 2021.  After she gave birth to a second child in 2023, the hospital contacted the Department of Child Safety because the child tested positive for THC.  In that separate dependency, Mother was given a safety plan that required substance abuse treatment and drug testing.  She did not complete her first three referrals for substance abuse treatment.  She rarely showed up for her scheduled drug tests.  And when she did, she tested positive 31 times for THC, 20 times for alcohol and once each for cocaine, fentanyl and amphetamines.

<hr>

[1]　　Father's parental rights were also terminated by the superior court for failing to file notice of claim of paternity.  *See* A.R.S. § 8-533(B)(6).

**¶5** In July 2024, after years of waiting, Grandmother petitioned the superior court to terminate Mother's parental rights. Grandmother intended to adopt Child. Mother contested the petition, insisting she was now sober and again in substance abuse treatment.

**¶6** The superior court held a contested hearing in April 2025 at which both Mother and Grandmother testified. Grandmother testified that Mother had little or no relationship with Child, rarely asked to see Child and months would pass without any contact. When Mother did visit, according to Grandmother, Mother was intoxicated and wanted money, not time with Child.

**¶7** Mother told a different story. She testified that she tried to visit Child every weekend, but Grandmother prevented contact. Mother said she had room for Child in a two-bedroom apartment she shared with her partner. She claimed she had been sober since early 2025, but she admitted she had been intoxicated when she visited Grandmother's house just a week and a half before the hearing.

**¶8** After the contested hearing, the superior court terminated Mother's parental rights on two grounds: substance abuse and abandonment. *See* A.R.S. § 8-533(B)(1), (3). The court found Grandmother credible and Mother not credible. It found that Mother's substance abuse started as early as 2018, that Mother "cannot parent when she is intoxicated" and her condition will likely continue because "she has yet to complete treatment." It discounted recent efforts at sobriety and treatment as "fall[ing] in the 'too little too late' category." The court also found "Mother failed to undertake any of the myriad of responsibilities associated with parenting" and "failed to maintain regular contact with [Child] or provide[] normal supervision in 7 years." Last, the court found termination was in Child's best interests because it would allow Grandmother to adopt Child, provide permanency and avoid the detrimental effects of Mother's continuing substance abuse.

**¶9** Mother timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶10** Even though Grandmother failed to file an answering brief, we exercise our discretion to reach the merits of Mother's arguments because a child's best interests are at stake. *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) (the best interests of a child trumps the discretionary doctrine of waiver).

¶11          Mother appeals the superior court's findings that (1) she had a history of chronic substance abuse, which will continue for a prolonged period, (2) she has abandoned Child and (3) termination is in Child's best interests.

¶12          To terminate parental rights, the superior court must find one statutory ground for termination under § 8-533(B) by clear and convincing evidence, and that termination is in the child's best interests by a preponderance of the evidence. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018). We will affirm a severance order unless it is clearly erroneous, accepting the superior court's findings of fact unless unsupported by reasonable evidence. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

## I.    Chronic Substance Abuse.

¶13          To terminate based on chronic substance abuse, Grandmother must offer clear and convincing evidence that (1) Mother had a history of substance abuse, (2) she cannot discharge parental responsibilities because of that chronic substance abuse and (3) there are reasonable grounds to believe the condition will continue for a prolonged and indeterminate period. *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010).

¶14          The superior court had ample evidence to terminate Mother's parental rights on substance abuse grounds. Mother had struggled with substance abuse since at least 2018. She failed dozens of drug tests (including four tests conducted before the contested hearing), had not completed three referrals to drug treatment programs and had two criminal incidents involving substance abuse. *See id.* at 379, ¶ 29 (parent had not overcome dependence on drugs where his abuse continued "despite knowing the loss of his children was imminent"). When she did interact with Child, she was intoxicated, inappropriate and had to be removed.

¶15          Mother points to her recent attempts at treatment and sobriety, but the superior court found her not credible, pointing to drug tests before the hearing and long history of substance abuse and relapse. *See id.* (Parent's "temporary abstinence from drugs and alcohol does not outweigh [a] significant history of abuse or [a] consistent inability to abstain."). We discern no error.

¶16          Because we affirm on the statutory ground of chronic substance abuse, we need not reach the alternative ground for termination.

*See Jesus M.*, 203 Ariz. at 280, ¶ 3 (court may affirm if reasonable evidence supports at least one termination ground).

## II.     Best Interests.

**¶17**     Termination is in a child's best interests if that child "would derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004). A child's prospective adoption is evidence of a benefit to support a best interests finding. *Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 572, ¶ 9 (App. 2018).

**¶18**     Here, the superior court found Child is adoptable, wants to be adopted and will be adopted by Grandmother. The court also found termination would provide Child with stability and permanence, while avoiding the detrimental effects of Mother's substance abuse. Each finding is supported by reasonable evidence and would independently support finding termination is in Child's best interests. *Id.* at ¶ 10.

**¶19**     Mother argues the superior court disregarded evidence that termination would not be in Child's best interests, but the court found Mother was not credible and her substance abuse was likely to continue for a prolonged period. Reasonable evidence supports the court's findings, and we do not reweigh the evidence on review. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 286–87, ¶ 16 (App. 2016).

## CONCLUSION

**¶20**     We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR