757 P.2d 126

**Patricia Ann SANDS, now known as Patricia Taylor, Petitioner/Appellant,**

v.

**Royce Calvin SANDS II, Respondent,**

**and**

**Royce Calvin SANDS and Helen L. Sands, husband and wife, Real Parties in Interest/Appellees.**

No. 2 CA–CV 88–0057.

Court of Appeals of Arizona, Division 2, Department B.

June 21, 1988.

Salese & McCarthy, P.C. by Kathleen A. McCarthy and M.J. Wardell, Tucson, for petitioner/appellant.

Martin & Mohling by Sarah Michele Martin, Tucson, for real parties in interest/appellees.

OPINION

FERNANDEZ, Judge.

The issue in this case is what becomes of paternal grandparental visitation rights granted by a court order pursuant to stat-

ute when the parental rights of the non-custodial father are terminated.

Appellant Patricia Taylor, formerly Patricia Sands, is the mother of four minor children, born during her marriage to Royce Calvin Sands II, their father. On December 21, 1982, the court entered a legal separation decree, and on May 30, 1984, a dissolution decree. In both, the court awarded custody of the four children to appellant. In 1983, a jury found the father guilty of various counts of kidnapping, aggravated assault, resisting arrest and possession of marijuana, all of which stemmed from an incident in which the father had been involved in a stand off with police during which time he held the children hostage. Sands was sentenced to concurrent prison terms, the longest being 10 years.

On July 2, 1985, after a hearing on the petition of the paternal grandparents, Royce Calvin Sands and Helen L. Sands, the trial court awarded the Sands grandparental visitation rights. Approximately one year later, appellant filed a petition seeking to terminate the father's parental rights. On August 11, 1986, the superior court ordered the severance of the father's rights as to all four children. This court affirmed the severance.

Appellant, citing the severance order and other factual grounds, then filed a petition to terminate the July 2, 1985, order granting grandparental visitation rights. The superior court denied the petition without holding an evidentiary hearing. This appeal followed.

Appellant contends that the court erred, arguing that once the father's parental rights were severed, the prior order granting visitation rights to the paternal grandparents was rendered void and without legal authority. Alternatively, appellant argues that the court erred in ruling without a hearing.

### EFFECT OF SEVERANCE OF PARENTAL RIGHTS ON GRANDPARENTS' VISITATION RIGHTS

■ Prior to the enactment of grandparent visitation statutes, grandparents had no legal rights to visitation with their grandchildren. At common law, such rights were derived through the natural parents. *In re Adoption of a Child by M*, 140 N.J.Super. 91, 355 A.2d 211 (1976).

In 1983, the Arizona legislature enacted A.R.S. § 25–337.01, which provides as follows:

A. The superior court may grant the grandparents of the minor child reasonable visitation rights to the minor child during his minority on a finding that the visitation rights would be in the best interests of the minor child and that:

1. The marriage of the parents of the child has been dissolved for at least three months, and the grandparents are the parents of the noncustodial parent of the child; or

2. A parent of the child has been deceased for at least three months, and the grandparents were the parents of the deceased parent of the child.

B. The superior court may grant the great-grandparents of the minor child reasonable visitation rights on a finding that the great-grandparents would be entitled to such rights under subsection A if the great-grandparents were grandparents of the minor child.

C. A grandparent or great-grandparent seeking to obtain visitation rights under this section shall petition for such rights in the same action in which the parents had their marriage dissolved if the marriage has been dissolved and the court entering the decree has jurisdiction to enter such an order and by a separate action in the county where the child resides if no action for dissolution has been filed or the court entering the decree of dissolution no longer has jurisdiction.

D. All visitation rights granted under this section automatically terminate if the minor child has been adopted or placed for adoption, whichever occurs first. If the minor child is removed from an adoptive placement, the court may reinstate the visitation rights.

The effect of an order of termination of a parent-child relationship is set forth in A.R.S. § 8–539 which provides:

An order terminating the parent-child relationship shall divest the parent and the child of all legal rights, privileges, duties and obligations with respect to each other except the right of the child to inherit and support from the parent. This right of inheritance and support shall only be terminated by a final order of adoption.

It is clear that once the order of severance was issued, the father's standing as a parent terminated. Appellant contends that once that occurred, the grandparents' rights logically ceased as a matter of law because their standing was contingent on their status as the parents of a non-custodial parent. We disagree. The statute only provides for the termination of visitation rights if the minor child has been adopted or placed for adoption, neither of which has occurred here.

Because the statute is silent on the effect of a severance, we look to the legislative basis for granting visitation. Such a grant of visitation requires a finding that visitation would be in the best interest of the minor child. The best interest of the minor child is the primary criterion that governs visitation rights in general. A.R.S. § 25–337. We find that the court erred in ruling as a matter of law that the grandparents' visitation would continue under the previous order. In accordance with the requirement of the statute, we conclude that grandparent visitation may continue if it is found to be in the best interests of the minor children.

### NECESSITY OF HEARING

█ The severance occurred approximately one year after the grandparents' visitation was granted. It is clear that if grandparental visitation is to continue, it must be with a recognition and understanding of the implications of the severance.

Appellant alleged in her petition to terminate visitation that when the grandparents exercised their rights, they permitted their son, the father, to talk to the children on the telephone and conducted themselves so as to undermine the authority of appellant as the children's mother.

The court must recognize and enforce the severance order so that the father cannot use his parents' visitation rights as a vehicle for reinstatement of his standing as a parent. The court must also consider the continued possibility of the father's contact with the children after his release from prison, keeping in mind his violent past.[1] The court may well conclude that because of the destruction of the parent-child relationship, the best interests of the children would require a discontinuance of the grandparents' visitation. Alternatively, the evidence may be such that the court could conclude that by imposing strict conditions on the exercise of visitation fashioned to avoid the problems complained of, limited visitation may be in the best interests of the children.

We remand for an evidentiary hearing and a determination of whether continued visitation under the circumstances would be in the children's best interests.

LIVERMORE, P.J., and ROLL, J., concur.

---

**1.** At oral argument, both parties agreed that they would seek appointment of counsel to represent the children upon remand, an agreement of which we approve.