IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 14 2009

COURT OF APPEALS
DIVISION TWO

ANTONIO M., )
)
Appellant, )
)
v. )
)
ARIZONA DEPARTMENT OF )
ECONOMIC SECURITY and )
DANIEL M., )
)
Appellees. )
)

2 CA-JV 2008-0133
DEPARTMENT B

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. 14310300

Honorable Charles S. Sabalos, Judge

AFFIRMED

_____

Child Advocacy Clinic
  By Paul D. Bennett, a clinical professor appearing
    under Rule 38(d), Ariz. R. Sup. Ct., and
    Lindsey Richardson and Edward Mendez,
    students certified pursuant to Rule 38(d)                    Tucson
                                                    Attorneys for Appellant


Terry Goddard, Arizona Attorney General
  By Pennie J. Wamboldt                                           Tucson
                                                Attorneys for Appellee Arizona
                                              Department of Economic Security

_____

V Á S Q U E Z, Judge.

¶1 Appellant Antonio M., father of Daniel M., born in October 2007, challenges the juvenile court's order terminating his parental rights pursuant to A.R.S. § 8-533(B)(8)(a) (nine-month, out-of-home placement) and § 8-533(B)(4) (deprivation of civil liberties due to a felony conviction and imprisonment). Antonio contends the juvenile court erred by finding it was in Daniel's best interests to be placed for adoption with his foster parents instead of his paternal grandmother. He also contends the court erred by failing to enter specific factual findings relating to the factors juvenile courts should consider before terminating a parent's rights pursuant to § 8-533(B)(4). *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, ¶ 29, 995 P.2d 682, 688 (2000).

¶2 As Antonio points out in his opening brief, at the severance hearing, he admitted the two statutory grounds the Arizona Department of Economic Security (ADES) had alleged in its motion for termination of his parental rights. He only contested whether severance was in Daniel's best interests. On appeal, he first contends the juvenile court erred in finding it was in Daniel's best interests to continue his placement with and adoption by his foster parents, in light of the "statutory preferences" set forth in A.R.S. § 8-514(B) that a child be placed with a family member. ADES is correct that, once Antonio's parental rights were terminated, he no longer had standing to challenge Daniel's placement and anticipated adoption. *See Sands v. Sands*, 157 Ariz. 322, 324, 757 P.2d 126, 128 (App. 1988). The court was, indeed, required to consider whether placement with the grandmother was appropriate, *see* A.R.S. § 8-538(C), but only after finding first that ADES had established sufficient

grounds for terminating Antonio's rights. *See* § 8-538(B) ("If the court finds grounds for the termination of the parent-child relationship it shall terminate the relationship and . . . [a]ppoint an individual as guardian of the child."). Thus, the court's duty to "also consider the best interests of the child" when it considers grounds for termination, *see* § 8-533(B), is separate from and preliminary to its determination of placement after severance. As we have previously noted, the court does not "weigh alternative placement possibilities to determine" if severance is in the child's best interests, although it may consider "the immediate availability of an adoptive placement" or "whether an existing placement is meeting the needs of the child." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, ¶ 5, 982 P.2d 1290, 1291 (App. 1998). Once the court had determined severance was in Daniel's best interests and terminated Antonio's parental rights, he could no longer challenge Daniel's placement. *See Sands*, 157 Ariz. at 324, 757 P.2d at 128.

¶3        Moreover, even assuming the issue of placement could be viewed as inextricably intertwined with the issue of Daniel's best interests to terminate Antonio's rights, there is reasonable evidence in the record to support the court's finding that placement with the paternal grandmother was not in Daniel's best interests. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, ¶ 4, 53 P.3d 203, 205 (App. 2002) (accepting factual findings when supported by reasonable evidence). That evidence included the grandmother's criminal history and the fact that the foster parents wished to adopt him.

¶4        Next, Antonio contends that, with respect to the termination of his parental rights pursuant to § 8-533(B)(4), the juvenile court did not satisfy its "independent obligation to evaluate the *Michael J.* factors to ensure that the sentence [of imprisonment was] long enough to deprive a child of a normal home for a period of years and to make a fair assessment of the child's best interests." As ADES correctly points out, however, Antonio does not challenge the termination of his rights pursuant to § 8-533(B)(8)(a). Because we can affirm the court's order as long as there is one valid ground for terminating a parent's rights, *Michael J.*, 196 Ariz. 246, ¶ 27, 995 P.2d at 687, we need not address this issue because it relates solely to the termination of Antonio's rights under § 8-533(B)(4).

¶5        We note, in any event, the juvenile court stated it had considered "all of the circumstances of this case and the reasoning and relevant factors articulated by the Arizona Supreme Court in *Michael J.*" and found Antonio "has been deprived of [his] civil liberties due to a conviction of a felony and his sentence is of such length that the child will be deprived of a normal home for a period of years." The court entered factual findings pertaining to the limited amount of time Antonio had spent with thirteen-month-old Daniel; the fact that Antonio twice had been incarcerated while the dependency action was pending; that Antonio's current, five-year prison term was imposed in October 2008; and the fact that Antonio would not even be eligible for release until 2012. Clearly, the court had before it, and considered, the evidence relevant to Daniel's best interests in general and to the factors specified in *Michael J.* Therefore, on this record, we cannot say the court abused its

4

discretion. *See Jesus M.*, 203 Ariz. 278, ¶ 12, 53 P.3d at 207 (appellate court will not disturb order terminating parental rights absent clear abuse of discretion).

¶6  Additionally, to the extent Antonio is suggesting the juvenile court's order was nevertheless deficient because the court should have more specifically set forth each of the *Michael J.* factors it had considered, he did not make that objection below. "[W]hen a party fails to object below to 'the alleged lack of detail in the juvenile court's findings,' the issue is deemed waived when raised for the first time on appeal . . . ." *Marco C. v. Sean C.*, 218 Ariz. 216, n.3, 181 P.3d 1137, 1141 n.3 (App. 2008), *quoting Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, ¶ 21, 153 P.3d 1074, 1081 (App. 2007).

¶7  We affirm the juvenile court's order terminating the parental rights of Antonio to Daniel.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge

5