IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO O.M.

No. 1 CA-JV 22-0196
FILED 2-21-2023

---

Appeal from the Superior Court in Maricopa County
No. JD534013
The Honorable Cassie Bray Woo, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of Legal Advocate, Phoenix
By Ektaa Prasher
*Counsel for Appellee O.M.*

_____

**OPINION**

Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

_____

**H O W E**, Judge:

**¶1**        Gina S. ("Mother") appeals from the juvenile court's order terminating her parental rights to her child, O.M., born in 2020, on the grounds of chronic substance abuse and time in out-of-home placement for six months. She challenges only O.M.'s placement with the foster family rather than with O.M.'s maternal grandfather ("Grandfather"). She argues that she has standing to challenge O.M.'s placement because the placement determination was "inextricably intertwined" with the best interests analysis.

**¶2**        We reject Mother's argument because once the juvenile court has terminated a person's parental rights, that person lacks standing to challenge the child's placement. Because Mother lacks standing to challenge O.M.'s placement, we affirm the juvenile court's order.

**FACTS AND PROCEDURAL HISTORY**

**¶3**        We view the facts in the light most favorable to sustaining the juvenile court's order. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2 ¶ 2 (2016). Mother has a history of substance abuse and mental illness. Because of Mother's substance abuse while pregnant, O.M. was born substance-exposed. O.M. suffered withdrawal symptoms and was hospitalized for weeks. The Department of Child Safety offered Mother services, including drug testing and substance-abuse treatment. Mother's participation in the services was inconsistent and she continued abusing illicit drugs. A few months later, the Department petitioned for dependency, alleging that O.M. was dependent due to Mother's neglect.

**¶4**        During the dependency proceedings, O.M., Mother, and O.M.'s biological father ("Father")[1] resided with Grandfather. Grandfather was the safety monitor under the safety plan the Department had

_____

[1]        Father is not a party to this appeal; his parental rights were terminated.

implemented. A Department caseworker visited Grandfather's home and observed two significant bruises on Mother's arm. Mother at first claimed she had fallen down the stairs, but later that same day, disclosed to the Department that Father had physically assaulted her. The caseworker advised Mother and Grandfather not to permit Father to return home. The next day, the Department learned that Father had returned home. Neither Mother nor Grandfather had asked Father to leave home because Mother and Father had reconciled. The Department then took custody of O.M. and placed her in foster care. The juvenile court found O.M. dependent as to Mother.

¶5　　　　The Department offered Mother reunification services, including drug testing, substance-abuse counseling, domestic-violence counseling, psychological testing, parenting classes, and supervised visitation. Mother failed to consistently (1) visit O.M., (2) submit to drug testing, and (3) participate in parenting classes. About six months after O.M. was found dependent, the Department moved to terminate Mother's parental rights on the grounds of chronic substance abuse and time in out-of-home placement for six months. Days before the termination hearing, Grandfather moved to intervene and requested that O.M. be placed with him.

¶6　　　　At the termination hearing, the Department's caseworker testified that termination was in O.M.'s best interests because she was in a placement that was meeting her needs and she was adoptable. She also testified that O.M. had been with the foster family for over 15 months and had formed a "significant bond" with them. Finally, she testified that O.M. was removed from Grandfather's home because while Grandfather was the safety monitor, he knew that Mother and Father had engaged in violence in O.M.'s presence, but did not notify the Department of the violence. The juvenile court held that the Department had proved both statutory grounds for termination by clear and convincing evidence.

¶7　　　　The juvenile court also held that the Department had proved that the termination of Mother's parental rights was in O.M.'s best interests. It found that (1) O.M. would benefit from the termination because it would provide O.M. "with a safe and stable home free from domestic violence and substance abuse" and (2) maintaining the parent-child relationship would be detrimental to O.M. because it would cause O.M. to "linger in foster care, while waiting for Mother to engage in services and demonstrate an ability to meet her needs." It therefore terminated Mother's parental rights. The juvenile court noted that Grandfather's motion to intervene and request

that O.M. be placed with him was pending before it. Mother timely appealed.

## DISCUSSION

**¶8** Mother concedes the juvenile court's finding that both statutory grounds for termination existed. She also concedes the best interests findings to the extent that they prove that termination of her parental rights was in O.M.'s best interests. She challenges only O.M.'s placement with the foster family rather than with Grandfather. Thus, even though Mother appeals the termination of her parental rights, she asks us to review O.M.'s placement.[2]

**¶9** We deny review because Mother lacks standing to challenge O.M.'s placement. The juvenile court's best interests determination "is separate from and preliminary to its determination of placement after severance." *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 370–71 ¶ 2 (App. 2009). A parent lacks standing to challenge a child's placement once parental rights are terminated. *Id.* at 370 ¶ 2. Mother acknowledges that, generally, a parent lacks standing to challenge the placement of the child on appeal from the termination order. Nevertheless, relying on *Antonio M.*, she argues that a parent may do so if the juvenile court's placement determination was "inextricably intertwined" with the child's best-interests analysis. *Id.* at 371 ¶ 3.

**¶10** In *Antonio M.*, a parent challenged the juvenile court's placement of his child with the foster family rather than a relative. *Id.* 371 ¶ 2. The court held that the parent no longer possessed standing to challenge the child's placement once the juvenile court had terminated his parental rights. *Id.* The court then stated that "[m]oreover, even assuming the issue of placement could be viewed as inextricably intertwined with the issue of [the child's] best interests to terminate [the parent's] rights, there is reasonable evidence in the record to support the court's finding that placement with the [relative] was not in [the child's] best interests." *Id.* at 371 ¶ 3. The court's statement was based on an assumption subsequent to its holding and unnecessary to its holding, so the statement is obiter dictum. Obiter dictum is "[a] judicial comment made while delivering a judicial

---

2       Mother cannot challenge the placement order directly because a placement order is not a "final order" that she can appeal from. *See Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 206 ¶¶ 13–14 (App. 2020). A placement order can be challenged only by way of special action. *Id.* at ¶ 14. (citation omitted).

opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." *Obiter Dictum*, Black's Law Dictionary (11th ed. 2019). Obiter dictum is nonbinding. *See Olewin v. Nobel Mfg., LLC*, 1 CA-CV 20-0706, 2023 WL 106473, at *4 ¶ 19 (App. Jan. 5, 2023); *see also Latoya P. v. Dep't of Child Safety*, 1 CA-JV 21-0325, 2022 WL 678039, at *4 ¶ 25 (App. Mar. 8, 2022) (mem. decision) (stating that "[t]he commentary in *Antonio M.* that assumes *arguendo* that a biological parent has standing to challenge post-severance placement is *obiter dicta* and *unpersuasive*") (emphasis in original). Mother points to no other authority in support of her standing argument and we are aware of none. Thus, because Mother's challenge to O.M.'s placement comes after the termination of her parental rights, she no longer possesses standing to challenge O.M.'s placement in foster care rather than with Grandfather.

**CONCLUSION**

¶11      For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA