NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO M.M.

No. 1 CA-JV 22-0285
FILED 6-6-2023

Appeal from the Superior Court in Maricopa County
Nos.  JD530951
JS21138
The Honorable Ashley V. Halvorson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

Law Office of Moriah Windsor, Chandler
By Moriah Burnett Windsor
*Counsel for Appellee M.M.*

---

**MEMORANDUM DECISION**

---

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

¶1            Erica M. ("Mother") appeals from the juvenile court's order terminating her parental rights to her son, M.M., born in August 2021, on the grounds of chronic substance abuse and prior termination. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            We view the facts in the light most favorable to sustaining the juvenile court's order. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2 ¶ 2 (2016). Mother is the biological parent of six children, including M.M., who is the youngest.[1] Mother has a history of substance abuse. In August 2020, the juvenile court terminated Mother's parental rights as to another one of her children, V.V., on the grounds of chronic substance abuse.

¶3            In August 2021, the Department of Child Safety received a report that Mother, who was pregnant with M.M., had tested positive at a clinic for fentanyl, methamphetamine, and methadone. Soon after, Mother gave birth to M.M. Because of Mother's substance abuse while pregnant, M.M. was born substance-exposed and suffered withdrawal symptoms.

¶4            A few days later, a Department investigator visited Mother at her home. The investigator found Mother's home in unhealthy and hazardous conditions. The Department then took custody of M.M. and petitioned the juvenile court for dependency, alleging that M.M. was dependent due to Mother's neglect. In April 2022, the juvenile court found M.M. dependent as to Mother and approved severance and adoption as a case plan, noting a severance petition had already been filed.

¶5            The Department offered Mother services, including substance-abuse testing, assessment and treatment, parent-aide services, and supervised visitation. Mother stated that she was unwilling to

---

[1]       M.M.'s father is not a party to this appeal; his parental rights were terminated.

participate in services if they lasted more than a month. In October 2021, Mother was incarcerated. During her incarceration, she was offered services and encouraged to participate in those services. While incarcerated, she completed a parenting program and a rehabilitation and reentry treatment program. She also requested visitation with M.M. and participated in visits with him twice a month.

**¶6**        The Department's petition to terminate Mother's parental rights alleged chronic substance abuse and prior termination. At the termination hearing, the Department's case manager testified that Mother would be unable to discharge her parental responsibilities because of her substance abuse. He also testified that the Department had provided Mother reunification services and that termination was in the child's best interests. Because of her substance abuse history, Mother would have to "demonstrate at least six months to a year of sobriety" after she was released from prison. Finally, he testified that M.M. was visiting Mother twice a month in person, but M.M. missed some visits because they had scheduling conflicts, M.M. was sick, and his placement was out of town.

**¶7**        Mother testified, on the other hand, that the Department had caused some of the missed visits. The juvenile court found that the Department had proved chronic substance abuse and prior termination as a basis for termination of the parent-child relationship and that termination was in the child's best interests. It also found that the Department made reasonable and diligent efforts to provide appropriate reunification services and that additional services would be futile. It therefore terminated Mother's parental rights. Mother timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 8–235(A), 12–120.21(A)(1), –2101(A)(1).

## DISCUSSION

**¶8**        Mother argues that the juvenile court erroneously terminated her parental rights to M.M. because the Department failed to make diligent efforts to provide reunification services—specifically visits with M.M. Although Mother did not object in the juvenile court that the services provided to her were not appropriate, *Shawanee S. v. Ariz. Dep't. of Econ. Sec.*, 234 Ariz. 174, 178–79 ¶¶ 16–18 (App. 2014), in exercise of our discretion, we will address the substance of Mother's argument, *Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

**¶9**        A juvenile court's termination determination is reviewed for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004). Because the juvenile court is in the best position to weigh

the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts, *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004), we will affirm a termination decision unless no reasonable evidence supports it, *Xavier R. v. Joseph R.*, 230 Ariz. 96, 100 ¶ 11 (App. 2012).

**¶10**       To terminate parental rights, the juvenile court must find by clear and convincing evidence the existence of at least one statutory ground under A.R.S. § 8–533 and by a preponderance of the evidence that termination would be in the child's best interests. A.R.S. § 8–533(B); *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 286 ¶ 15 (App. 2016). Termination of parental rights on the grounds of chronic substance abuse and prior termination requires that the court find that the Department made reasonable efforts to provide reunification services to the parent. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453 ¶ 12 (App. 2005); *Mary Lou C.*, 207 Ariz. at 49 ¶ 15.

**¶11**       Reasonable evidence supports the juvenile court's finding that the Department made reasonable efforts to provide Mother with reunification services. The Department makes reasonable efforts to provide reunification services if it provides a parent with "the time and opportunity" to participate in reunification services. *Matter of Appeal in Maricopa Cnty. Juv. Action No. JS–501904*, 180 Ariz. 348, 353 (App. 1994). Here, the Department offered Mother substance-abuse testing, assessment and treatment, parent-aide services, and supervised visitation. Mother concedes that the Department provided most of these services to her. She argues, however, that the Department failed to make a "concerted effort" to ensure that the visitation between Mother and M.M. occurred twice a month as scheduled. But Mother does not explain why, under the circumstances, less than two monthly visits did not constitute a reasonable effort to provide her with visitation. Nor does she explain why the undisputed services provided and the visits that occurred do not constitute reasonable efforts to provide her with reunification services. That a few visits between Mother and M.M. did not occur does not negate the juvenile court's finding that the Department made reasonable efforts to provide reunification services. Mother's argument, thus, merely asks this court to reweigh the evidence, which we will not do. *See Williams v. King*, 248 Ariz. 311, 317 ¶ 26 (App. 2020).

**¶12**       Mother also argues that the juvenile court erred in finding that termination served M.M.'s best interests. She contends that the juvenile court erred in deviating from A.R.S. § 8–514(A), (B) in placing M.M. with the foster family. But because Mother's challenge to M.M.'s placement comes after the termination of her parental rights, she no longer has

standing to challenge M.M.'s placement in foster care. *See In re O.M.*, 525 P.3d 286, 287–289 ¶¶ 2, 8–10 (Ariz. App. 2023) ("[O]nce the juvenile court has terminated a person's parental rights, that person lacks standing to challenge the child's placement."). Thus, Mother has shown no error.

**CONCLUSION**

¶13       For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA