NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.J. and A.B.

No. 1 CA-JV 23-0203
FILED 03-28-2024

Appeal from the Superior Court in Mohave County
No. S8015JD202200004
The Honorable Rick A Williams, Judge

**AFFIRMED**

COUNSEL

Darrian Johnson, Jacksonville, Florida
*Appellant Father*

Robert Ian Casey, Esq., Phoenix
*Advisory Counsel for Appellant Father*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Ken Sanders
*Counsel for Appellee DCS*

Bobbie Shin, Esq., Kingman
*Counsel for Appellee Children*

_____

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

_____

**F O S T E R**, Judge:

¶1   Alyssa S. ("Mother") and Darrian J. ("Father") separately appeal a juvenile court order terminating their parental rights to A.J. and A.B. For the following reasons, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2   Mother and Father are the parents of A.J. and A.B., born in December 2018 and December 2021, respectively. Shortly after A.B. was born, the Department of Child Safety ("Department") learned that both children were born exposed to illicit drugs and that the parents engaged in domestic violence in A.J.'s presence. Due to the children's substance exposure, they each had significant developmental and cognitive delays, were particularly vulnerable, and required numerous medical and therapy appointments per week between the two of them.

¶3   The Department petitioned for dependency, took custody of the children in January 2022, and placed them in separate foster homes. The Department also learned that in 2020, Mother was convicted of child endangerment and driving under the influence in Florida and her probation was transferred to Arizona. It also learned that Father was diagnosed with marijuana and opioid dependence. The children were adjudicated dependent as to Father in March 2022 and as to Mother in July 2023.

¶4   The Department pursued a reunification plan. To that end, it required that Mother and Father maintain sobriety, provide a home free of alcohol and substance abuse, and demonstrate an ability to provide for the children's basic and special needs. The Department offered the parents the following services: child and family team meetings, individual counseling, parent aide services, parenting classes, substance abuse treatment, transportation, and visitation.

¶5        During this time, the Department connected with Mother, but she failed to maintain contact or engage in reunification services. In February 2023, Mother was arrested in Nevada and extradited to Florida, where she remained. Despite attempts to reach her through the Florida Department of Corrections, there was no response.

¶6        Father initially participated in the services offered. But he regularly canceled visits and was not consistent with the required drug testing. He moved to Florida during these proceedings for assistance with stability but failed to follow through when the Department made a request to initiate placement of the children with him under the Interstate Compact on the Placement of Children.

¶7        In May 2023, the Department moved to terminate Mother's parental rights on three grounds: abandonment, chronic substance abuse, and time-in-care. *See* A.R.S. § 8-533(B)(1), (3), (8). As for Father, two grounds were alleged: chronic substance abuse and time-in-care. *Id*. at (B)(3), (8). At the termination hearing in September 2023, the Department's child safety specialist testified that the termination of Mother's and Father's parental rights was in the children's best interests.

¶8        Following the hearing, the juvenile court terminated Mother's and Father's parental rights. It found the Department had proven by clear and convincing evidence the grounds for termination, and by a preponderance of the evidence that termination of the parents' rights was in the best interests of A.J. and A.B. Mother and Father timely appealed. This Court has jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

**DISCUSSION**

¶9        Termination of the parent-child relationship entails a two-step inquiry. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149, ¶ 8 (2018). First, the juvenile court must determine by clear and convincing evidence that a statutory ground for termination listed in A.R.S. § 8-533(B) exists. *Id.* If a ground for termination has been appropriately established, "the court must [then] determine by a preponderance of the evidence that severance is in the child's best interests." *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 477, ¶ 20 (2023) (quoting *Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224, 227, ¶ 12 (2020)) (alteration in original).

¶10       Termination orders are reviewed for abuse of discretion. *Jeffrey P. v. Dep't of Child Safety*, 239 Ariz. 212, 213, ¶ 5 (App. 2016). Because "the juvenile court is in the best position to weigh evidence and assess

3

witness credibility," this Court will uphold the juvenile court's termination unless clearly erroneous and will accept its findings of fact if supported by reasonable evidence and inferences. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016). The juvenile court's findings of fact are viewed in the light most favorable to affirming the court's order. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 250, ¶ 20 (2000).

**¶11**        Here, Mother challenges the termination of her parental rights to A.J. and A.B., arguing the juvenile court's best-interests finding was based on insufficient evidence and lacked the requisite specificity. Father challenges the termination seemingly on the substance-abuse and fifteen-month out-of-home placement grounds and challenges the adequacy of the Department's reunification efforts.

## I.        Mother Waived Her Claim.

**¶12**        On appeal, Mother does not challenge the juvenile court's findings that the termination of her parental rights was warranted on the grounds of abandonment, substance abuse, or out-of-home placement. Therefore, Mother has waived these issues on appeal and conceded the accuracy of the juvenile court's findings on those issues. *Britz v. Kinsvater*, 87 Ariz. 385, 388 (1960). Instead, Mother challenges the best interests finding, claiming that it is based on insufficient evidence and lacks the requisite specificity.

**¶13**        Mother also waived this issue by failing to raise it in the juvenile court. "Generally, failure to raise an argument in the juvenile court waives the issue on appeal." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018) (citation omitted). This includes "when a party first raises the issue of insufficient findings on appeal and the order includes at least some statutorily required factual findings." *Id.* at 536, ¶ 10; *see also, e.g.*, *Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 572–73, ¶¶ 11–13 (App. 2018) (applying waiver doctrine to a claim that the juvenile court's findings were inadequate); *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 371, ¶¶ 5–6 (App. 2009) (finding waiver where party challenged the specificity of factual findings for the first time on appeal and the order contained some factual findings). "[T]he decision to find waiver is discretionary." *Logan B.*, 244 Ariz. at 536, ¶ 9.

**¶14**        Mother did not object to the evidence that was presented during trial. After the juvenile court issued its written findings of fact and conclusions of law, Mother did not object or move to alter or amend the final order on the ground that the court did not enter sufficient findings of

fact or legal conclusions as required by law. *See* Ariz. R.P. Juv. Ct. 317(a)(2). Because she has failed to challenge the findings before the juvenile court, Mother's argument is waived.

## II. The Best-Interests Finding Was Sufficient.

**¶15** Although Mother waived her challenge to the best-interests findings, this Court may address the merits of an argument in its discretion, as it does here. *See Logan B.*, 244 Ariz. at 536, ¶ 9.

**¶16** Mother contends that the juvenile court's determination of the children's best interests amounted to an abuse of discretion. She argues the court's termination of her parental rights would not ensure the children's requisite stability and permanence, because the Department never attempted to preserve the family.

**¶17** "At the best-interests stage of the analysis, we can presume that the interests of the parent and child diverge because the court has already found the existence of one of the statutory grounds for termination by clear and convincing evidence." *Alma S.*, 245 Ariz. at 150, ¶ 12 (internal quotations omitted). Therefore, when, as here, the court finds "that a parent is unfit, the focus shifts to the interests of the child as distinct from those of the parent." *Id.*

**¶18** The court's best-interests determination must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship. *Maricopa Cnty. Juv. Action No.* JS-500274, 167 Ariz. 1, 5 (1990) (citations omitted). The court may consider a child's adoptability and the parent's rehabilitation. *Alma S.*, 245 Ariz. at 148, ¶ 1. The court is not required to state, "*every* fact upon which his or her findings are based." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 19.

**¶19** Here, Mother does not dispute that the juvenile court made the following specific best-interests findings: (1) termination would benefit the children because it would further the case plan of adoption since they are in potential adoptive placements; (2) the adoptive placements meet the children's higher needs; (3) the adoptive placements provide structure, consistency, and the ability to take the children to required medical visits; (4) the children would suffer a detriment if returned to the parents care due to the parents' ongoing substance abuse; and (5) neither parent was in a position to provide the children with safety, stability, and a sober home. No contradictory evidence was presented. Further, the Department did make efforts to preserve the family, but Mother failed to cooperate with those

efforts. This reasonable evidence and the inferences from it support the court's factual findings and legal conclusion that termination was in the children's best interests. *See Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224, 231, ¶¶ 32–33 (2020) (affirming best-interests analysis because reasonable evidence supported the juvenile court's finding that severance would benefit the children).

### III.  Father Waived His Claim.

**¶20**      Father separately contends that his rights should not be terminated as he is working on reunification. However, Father's failure to cite law or reference the record in his opening brief prevents this Court's review of his claims.

**¶21**      For every issue raised in an opening brief there must be supporting reasons for each, with citations to supporting legal authorities and references to the record on appeal. Ariz. R. Civ. App. P. 13(a)(7); Ariz. R.P. Juv. Ct. 607(b). "[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised[; f]ailure to argue a claim usually constitutes abandonment and waiver of that claim." *State v. Carver*, 160 Ariz. 167, 175 (1989). "Arguments that are unsupported by legal authority and adequate citation to the record are waived." *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021). This Court "may reject an argument based on [the] lack of proper and meaningful argument alone." *Id*. A self-represented party is held to the same standards as a represented party. *See Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017) ("We hold unrepresented litigants in Arizona to the same standards as attorneys.").

**¶22**      Father's failure to comply with Civil Appellate Procedure Rule 13 waives any issues he may have wished to submit for this Court's review. Nevertheless, this Court may address the merits of an argument in its discretion. *See Logan B.*, 244 Ariz. at 536, ¶ 9.

### IV.  Father's Termination.

**¶23**      Father seemingly argues that the court did not have adequate evidence to support the termination and that the Department's efforts at reunification were inadequate.

**¶24**      The juvenile court may terminate the rights of a parent who is "unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol" if "there are reasonable grounds to believe that the condition will continue for

a prolonged indeterminate period." A.R.S. § 8-533(B)(3). "Chronic substance abuse is long-lasting but not necessarily constant substance abuse." *Jennifer S. v. Dep't of Child Safety,* 240 Ariz. 282, 287, ¶ 17 (App. 2016).

¶25 In March 2022, Father was diagnosed with marijuana and opioid dependence, and his mental-health provider recommended maintaining sobriety. However, while the court recognized Father did make some progress, he refused to participate in substance-abuse group counseling, frequently missed visitations and required urinalysis tests, and consistently tested positive for alcohol and THC. The juvenile court acknowledged that alcohol and THC were legal substances, but it noted that Father had not demonstrated an ability to use such substances in a way that also allowed him to maintain a stable lifestyle, which posed a risk of danger to the children. Further, Father failed to acknowledge his substance abuse and its effect on his ability to care for the children. The court noted these reasons contributed to Father's inability to provide stability and to overcome the substance abuse ground.

¶26 Father also contends that the Department failed to provide adequate reunification services. "Although [the Department] need not provide 'every conceivable service,' it must provide a parent with the time and opportunity to participate in programs designed to improve the parent's ability to care for the child." *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.,* 193 Ariz. 185, 192, ¶ 37 (App. 1999) (citation omitted).

¶27 Here, the record is replete with evidence that Father did not follow through with the requirements to ensure the safety of the children. First, although Father completed a parenting class, the Department recommended that he take additional classes because he needed more "hands-on" help. Father continually missed and canceled visits with the children and refused to make up missed visits. Father also declined to participate in the substance-abuse group counseling that was recommended to him by his mental-health provider. He was also discharged from a substance-abuse program for failing to comply with its conditions. When Father moved to Florida in 2023, his participation declined even more. He repeatedly failed to submit to testing and was suspended from testing multiple times due to his poor conduct toward the testing staff. Still, the Department submitted a request through the Interstate Compact on the Placement of Children to reunify the children with him in Florida. But the request was denied because Father did not "cooperate with the process."

**¶28** Though Father may disagree with the juvenile court's assessments, this Court may not reweigh the evidence, even when sharply disputed facts exist. *Alma S.*, 245 Ariz. at 151, ¶ 18. Based on the foregoing reasons, reasonable evidence supports the juvenile court's termination of Father's parental rights due to substance abuse. *Brionna J.*, 255 Ariz. at 478, ¶ 30. The juvenile court's conclusion that this ground was established by clear and convincing evidence was not clearly erroneous. *Id.* at 478–79, ¶ 31 (noting that this Court will not disturb the juvenile court's conclusion unless this Court "determines as a matter of law that no one could reasonably find the evidence to be clear and convincing" (citation and internal quotations omitted)).

**¶29** Because this Court affirms on one statutory ground, this Court need not consider the time-in-care ground. *See* Ariz. R.P. Juv. Ct. 353(a); *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577–78, ¶ 5 (App. 2017).

## CONCLUSION

**¶30** For the foregoing reasons, this Court affirms.

