NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.S.

No. 1 CA-JV 23-0193
FILED 4-2-2024

---

Appeal from the Superior Court in Maricopa County
No. JD42280
The Honorable Marischa Hope Gilla, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Thomas K. Sanders
*Counsel for Appellee Department of Child Safety*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

**F U R U Y A**, Judge:

¶1          Venesa A. ("Mother")[1] appeals the juvenile court's order terminating her parental rights as to her child, A.S. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          In August 2022, A.S. was born substance-exposed and suffered withdrawal symptoms requiring emergency care. A few days later, the Department of Child Safety ("DCS") responded to a report that A.S.'s parents had engaged in substance abuse. Around the same time, Mother tested positive for fentanyl and methamphetamine. During an interview with DCS, Mother admitted recently using fentanyl. She later told DCS she used drugs to cope with stress and had been using fentanyl and methamphetamine every few weeks for the past year. At the end of August, DCS petitioned for dependency, took A.S. into custody, and placed A.S. with his maternal uncle. In September 2022, the juvenile court found A.S. dependent as to both parents.

¶3          During the dependency, DCS referred Mother for services, including drug testing, transportation, supervised visits, and drug treatment. Mother visited A.S. at his placement, but DCS reported "mother would show up inebriated, [with] slurred speech, slouch[] and nod[] off while holding the baby and [exhibit] strange behaviors." DCS then referred Mother for supervised visits only but eventually closed the referral because she did not engage in any visits. Mother completed 10 of 38 scheduled drug

---

[1]          A.S.'s father filed a notice of appeal but he did not file an opening brief or join Mother's opening brief, and we therefore order his appeal dismissed as abandoned. *See* Ariz. R. Civ. App. P. 15(a)(1) (allowing the court to dismiss an appeal when a party does not timely file an opening brief).

tests resulting in 4 positive tests for methamphetamine, fentanyl, or both. She did not engage in any other services.

**¶4**	In December 2022, DCS reported Mother's substance abuse "hinders her ability to respond accordingly to her parental and caregiving needs" and negatively affects A.S. because Mother "is not alert and focused" and cannot control her impulses. In April 2023, DCS contacted A.S.'s parents and reported they "stated the overall lack of stability is a key factor to why they cannot provide for [A.S.]." DCS also reported "[b]oth parents admitted they have been struggling with their own addiction which is why they have not been there for [A.S.] and been doing the bare minimum."

**¶5**	On May 25, 2023, DCS moved to terminate Mother's parental rights on three grounds: neglect, chronic substance-abuse, and six-months out-of-home care. *See* Arizona Revised Statutes ("A.R.S.") § 8-533(B)(2), (3), (8). Mother requested a contested trial. During an August pretrial conference, the court provided Mother with the date of the termination hearing and warned her of the consequences of failing to appear.

**¶6**	On September 13, 2023, the court held the termination hearing. Mother did not appear, but her attorney was present. Without objection, the court proceeded in Mother's absence, finding that she had actual notice, was warned of the consequences for failing to appear, and had no good cause for her absence. DCS admitted 18 exhibits including several DCS reports and Mother's drug-testing history. The DCS case manager for A.S. testified and Mother's attorney cross-examined him.

**¶7**	Following the hearing, the court terminated Mother's parental rights on all three grounds and found termination was in A.S.'s best interests.

**¶8**	We have jurisdiction over Mother's timely appeal under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

I.	**Mother's Apparent Waiver Does Not Relieve the Juvenile Court of its Statutory Duties.**

**¶9**	As a threshold matter, we address DCS's argument Mother waived her objection to the court's factual findings by raising the issue for the first time on appeal.

¶10        "Generally, failure to raise an argument in the juvenile court waives the issue on appeal." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536 ¶ 9 (App. 2018). This includes "when a party first raises the issue of insufficient findings on appeal and the order includes at least some statutorily required factual findings." *Id.* at 536 ¶ 10. "[T]he decision to find waiver is discretionary." *Id.* at 536 ¶ 9.

¶11        Here, like orders in similar cases where we have found waiver, the order does contain supportive factual findings. *See, e.g.*, *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 371 ¶¶ 5–6 (App. 2009) (finding waiver where party challenged specificity of factual findings for the first time on appeal, and the order contained some factual findings). But Mother's apparent waiver does not relieve the court of its duty to determine whether DCS met its burden and submit the ultimate facts it relied on for its legal conclusions in writing. *See Logan B.*, 244 Ariz. at 539 ¶ 20. And when reviewing an order for termination of parental rights, we must "evaluate all the statutory elements found by the juvenile court." *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 26 (2023).

## II.    The Juvenile Court Made Sufficient Factual Findings in its Order Terminating Mother's Parent-Child Relationship with A.S.

¶12        In reviewing the termination of parental rights, we accept the court's factual findings "if reasonable evidence and inferences support them." *Id.* at 478 ¶ 30 (citation omitted). "[W]e affirm the trial court's order if the facts at trial support the trial court's findings whether or not each supportive fact is specifically called out by the trial court in its findings." *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52 ¶ 19 (App. 2007). We will affirm the court's legal conclusions if supported by "clear and convincing evidence" and if not "clearly erroneous." *Brionna J.*, 255 Ariz. at 478–79 ¶¶ 30–31 (citations omitted).

¶13        Orders "terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based." A.R.S. § 8-538(A); *see also* Ariz. R.P. Juv. Ct. 353(h) ("At the conclusion of the [termination] hearing, the court must . . . enter findings on whether the petitioner or moving party has met its burden of proof and, if so, . . . make specific findings of fact in support of the termination of parental rights.").

¶14        To terminate parental rights, the court must conclude the petitioner has proved: (1) "by clear and convincing evidence that at least one of the statutory grounds for termination is met"; and (2) "by a preponderance of the evidence that severance of parental rights would be

in the best interest of the child." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240 ¶ 22 (App. 2012).[2] At a minimum, "the court must specify at least one factual finding sufficient to support each of *those* conclusions of law." *Id.* (emphasis added). To summarize, the court must specify at least one factual finding to support the statutory ground for termination and at least one factual finding to support its best-interests finding. The court is not required to state "*every* fact upon which his or her findings are based." *Christy C.*, 214 Ariz. at 452 ¶ 19.

**¶15** Mother argues the court omitted required factual findings to support legal conclusions for all three termination grounds. As to the substance abuse ground, Mother argues the court erred because it "failed to make any findings of fact regarding any impact of the drug use upon the ability to discharge parental responsibilities."

**¶16** A court may terminate a parent-child relationship on the substance-abuse ground if it finds "the parent is unable to discharge parental responsibilities because of mental illness, mental deficiency or a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3).

**¶17** To support the chronic-substance abuse ground, the court found: (1) A.S. was born substance-exposed to fentanyl and methamphetamine; (2) "Mother disclosed a history of substance abuse and is believed to be currently using illegal substances"; (3) Mother tested positive for illegal substances shortly after A.S.'s birth; (4) Mother disclosed she uses fentanyl and methamphetamine daily; and (5) Mother has not engaged in services or otherwise "alleviated the concerns" that caused A.S. to be with placement. Further, the court noted "Mother disclosed . . . that sobriety was a barrier."

**¶18** We accept these findings because reasonable evidence supports them. *See Brionna J.*, 255 Ariz. at 478 ¶ 30. Mother's admission of daily illicit drug-use and it being a barrier to her parenting supports the court's conclusion that her drug-use affects her ability to parent A.S. And nothing in A.R.S. § 8-533 or Rule 353 requires the court to specifically make a finding regarding the effect of a parent's drug use on parental ability.

---

[2]     *Ruben M.* refers to Arizona Rule of Procedure for the Juvenile Court ("Rule") 66, which was replaced by Rule 353 in 2021 and became effective in 2022. There were no relevant substantive changes between Rules 66 and 353.

Therefore, the court made sufficient factual findings to support its legal conclusion. Because we affirm on one statutory ground, we need not consider the others in this case. *See* Ariz. R.P. Juv. Ct. 353(h); *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577–78 ¶ 5 (App. 2017).

**¶19** Though Mother does not challenge the court's best-interests finding, substantial evidence supports it, and, thus, we find no error in the court's order.

## CONCLUSION

**¶20** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA